UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

UNIVERSITY OF PITTSBURGH,

                Plaintiff,

  -against-                                            **ORDER**

                                                           06-MC-176 (NG) (KAM)

MARC H. HEDRICK, PROSPER BENHAIM,
HERMANN PETER LORENZ, and MIN ZHU

                Defendants.

------------------------------------------------------------------------ X

**MATSUMOTO**, United States Magistrate Judge:

        By order dated April 25, 2006, this patent inventorship dispute was referred to the undersigned magistrate judge for a decision regarding plaintiff's motion to compel. This Order addresses a motion brought by the University of Pittsburgh ("plaintiff" or "UPitt") requesting that the Court compel responses to its subpoenas duces tecum on third-parties Olympus Corporation, a Japanese entity, and Olympus America, Inc., a domestic entity. Both subpoenas are addressed to "Olympus Corporation c/o Olympus America." (Docket nos. 57, 58.)

        The Court first addresses UPitt's attempted service on Olympus Corporation through its American subsidiary, Olympus America. Service of subpoenas on a foreign corporation is governed by 28 U.S.C. § 1783(b), which provides that service "shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." The Federal Rules of Civil Procedure, in turn, provide, "[S]ervice upon a . . . foreign corporation . . . that is subject to suit under a common name, and from which a wavier of service has not been obtained and filed, shall be effected . . .

-1-

in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) . . . ." Fed. R. Civ. P. 4(h)(2). Rule 4(f) states that service "may be effected in a place not within any judicial district of the United States . . . by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).

The Hague Convention "requires each signatory to create a central authority to receive requests for service of judicial documents." *Casio Computer Co., Ltd. v. Sayo*, No. 98CV3772, 2000 WL 1877516, *28 (S.D.N.Y. Oct. 13, 2000); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk.*, 486 U.S. 694, 698 (1988). Japan is a signatory to the Hague Convention, but has objected to service via mail under Hague Convention Article 10. *Casio Computer*, 2000 WL 1877516 at *29. Therefore, service upon a Japanese corporation must be made through the Japanese central authority. *See Casio Computer*, 2000 WL 1877516 at *28.

In lieu of following the Hague Convention, parties may serve a foreign corporation through its American subsidiary, if the subsidiary is an agent or "mere department" of the foreign parent. *Kwon v. Yun*, No. Civ.1142, 2006 WL 416375, *2 (S.D.N.Y. Feb. 21, 2006). To establish that a subsidiary is an agent, the party seeking service must show that the subsidiary "does all the business which [the parent corporation] could do were it here by its own officials." *Jazini v. Nissan Motor Corp., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). To establish that a subsidiary is a "mere department," the party seeking service must show that "the activities of the parent show a disregard for the separate corporate existence of the subsidiary." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984).

The court considers four factors in determining whether the parent disregarded its subsidiary's independent corporate identity: (1) common ownership, which is "the most essential factor;" (2) financial dependency of the subsidiary on the parent; (3) the "degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities;" and (4) the parent's degree of control over the subsidiary's marketing and operational policies. *Id.* at 120-22.

When a party seeking discovery has failed to meet those factors and demonstrate the parent's control over its subsidiary, a court may order limited discovery relating only to jurisdiction. *See Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) (stating, "[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue . . ."). Contrary to Olympus Corporation's claim, a party seeking discovery need not make a prima facie showing of jurisdiction in order for a court to order jurisdictional discovery. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 201, 208 (2d Cir. 2003); *see also Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201, 2006 WL 587342, *5, n. 7 (S.D.N.Y. March 9, 2006).

In this case, UPitt has failed to introduce any evidence that it attempted to serve Olympus Corporation through the Hague Convention, and, if it did not, why such service would be inappropriate. The Court notes that service through the Hague Convention is more efficient and economical than conducting extensive jurisdictional discovery and motion practice before this Court.

In addition, UPitt has also failed to demonstrate that Olympus America is an agent or "mere department" of Olympus Corporation. UPitt asserts that the two corporations are under similar ownership, but offers no factual support for the allegation. (*See* Plaintiff's

Memorandum of Law in Support of its Motion to Compel, p. 4.) Likewise, UPitt notes that an officer of Olympus America sits on the Board of Directors of Olympus-Cytori, but fails to explain how that is relevant to the relationship between Olympus America and Olympus Corporation. (*See* Olympus Corporation's Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Compel, p. 7). Thus, plaintiff has failed to present any allegations sufficient to demonstrate Olympus Corporation's complete disregard of its subsidiary's independent corporate identity. *Cf. Beech Aircraft Corp.*, 751 F.2d at 120-22 (finding sufficient allegations of fact under each of the four factors to demonstrate that the American subsidiary was a mere department of its foreign corporation). Furthermore, despite ample opportunities to do so, Olympus Corporation has failed to present any evidence refuting plaintiff's claim that Olympus America is an agent or mere department of the foreign corporation. Therefore, if plaintiff demonstrates good reasons why it has not sought service of process through the Hague Convention, the Court would be inclined to order jurisdictional discovery.[1] *See id.; see also*

---

[1] Olympus Corporation, the parent corporation located in Japan, has held itself out to be a domestic corporation by registering a domestic subsidiary with the same name with the New York Department of State, and thus failing to make clear that Olympus Corporation is in fact the Japanese parent company distinct from the American Olympus Corporation. (*See* Affidavit of George J. Awad in Support of UPitt's Motion to Compel ("Awad Aff."), Exh. C.) Indeed, based on such incomplete and confusing information, plaintiff served an employee at "Olympus Corporation c/o Olympus America," who stated that she was authorized accept service. (Dkt. nos. 57, 58.) An argument could therefore be made that Olympus Corporation should be estopped from asserting that its American and Japanese corporate entities are distinct. *See NYSA-ILA Medical and Clinical Servs. Fund v. Golten Marine Co, Inc.*, No. 91 Civ. 4707, 1994 WL 800706, *9 (S.D.N.Y. Dec. 21, 1994); *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 272 (1980) (noting that "[r]eliance may be based on the corporate employees to identify the proper person to accept service."); *Central Savannah River Area Res and Dev. Agency, Inc. v. White Eagle Int'l, Inc.*, 488 N.Y.S.2d 201, 202 (N.Y. App. Div. 1985) (stating, "If the summons was served on the wrong person, the fault lies with the corporation and not with the process server who made the appropriate inquiries and did all that he should be expected to do to see that the corporation was properly served."). It would behoove Olympus Corporation to clarify its and

*Filus*, 907 F.2d at 1332.  Plaintiff shall submit an explanation why it did not attempt service pursuant to the Hague Convention no later than November 28, 2006.

Next, regarding Olympus America, Inc., a domestic corporation registered with the New York Department of State, the Court finds that service was properly effectuated when plaintiff served its subpoenas at the company's address listed with the New York Department of State.  (*See* Awad Aff., Exh. B; Declaration of Kirk W. Mackey in Support of Olympus Corporation's Supplemental Memorandum, Exh. D.)  The Court further finds that plaintiff's document requests are relevant to the underlying inventorship dispute, as Olympus Corporation and Olympus America, Inc. may have received information regarding the invention and ownership of U.S. Patent 6,777,231 ("the '231 Patent").  In a letter annexed to its Supplemental Memo of Law, plaintiff agreed to narrow the scope of its third category of requests solely to communications between Dr. Hedrick and Olympus "relating to the '231 Patent."  (Affidavit of Jennifer A. Klear in Support of Plaintiff's Supplemental Memorandum of Law, Exh. B.)  The Court directs plaintiff to similarly limit category number eight.

In addition, by November 28, 2006, plaintiff must clarify with the Court which subpoenas are directed to which entity.  In its affidavit of service to Olympus Corporation, plaintiff mentions a Schedule A and a Schedule B.  (*See* docket 57, 58.)  Yet in its exhibits in support of its motion to compel, plaintiff attaches two subpoenas addressed to both Olympus Corporation and Olympus America, Inc., and containing only Schedule As, one of which contains seven requested items while the other contains eight.  (*See* Awad Aff., Exh. B.)  It is therefore unclear which documents plaintiff seeks from each company.

---

its American subsidiaries' corporate status with the New York Department of State.

Once plaintiff narrows and refines its subpoenas, the Court hereby orders Olympus America, Inc. to produce all documents responsive to plaintiff's subpoenas by December 18, 2006. The parties shall file a status report with the Court concerning the state of discovery by December 20, 2006.

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States Magistrate Judge

Dated: November 20, 2006.
　　　　Brooklyn, New York